**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | |
|---|---|
| _____ | |
| **JASON PUTSCHE** ) | |
| 4520 Wards Chapel Road ) | |
| Baltimore, Maryland  21117 ) | |
| ) | |
| **v.** ) | **Civil No.** _____ |
| ) | |
| **ALLEY CAT ALLIES, INC.** ) | |
| 7920 Norfolk Avenue ) | |
| Suite 600 ) | |
| Bethesda, MD 20814-2525 ) | |
| ) | |
| *Serve On:* ) | |
| ) | |
| National Corporate Research, Ltd., R.A. ) | |
| 1519 York Road ) | |
| Lutherville, Maryland  21093 ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Jason Putsche ("Plaintiff" or "Mr. Putsche"), is a professional photographer whom Defendant, Alley Cat Allies, Inc. ("Defendant" or "ACA") contracted to take photographs in exchange for a non-exclusive, limited license to the photographs.  ACA acknowledged and abided by this license arrangement for years, until it reversed course and took the unsubstantiated position that it is the sole and exclusive copyright owner of Mr. Putsche's photographs.  ACA used this erroneous claim of ownership to obtain a United States copyright registration for the photographs, and sued Mr. Putsche in federal court in New Jersey seeking a declaration of ownership, which lawsuit was then dismissed for lack of prosecution.  ACA also erroneously claims copyright ownership of raw video footage that Mr. Putsche shot in 2014, even though ACA possesses only a non-exclusive, limited license to this footage.  This Complaint seeks a declaration

from this Court that Mr. Putsche is the sole copyright owner of these photographs and videos, all of which are the subject of valid copyright registrations in Mr. Putsche's name.  Plaintiff also seeks a declaration ACA possesses only a non-exclusive, limited license to the photographs and videos.

## THE PARTIES

1.      Mr. Putsche is a resident of Baltimore County, Maryland.  He is a professional photographer who, during all times relevant to this Complaint, did business as an unincorporated, sole proprietorship doing business as Jason Putsche Photography ("JPP").

2.      ACA is, upon information and belief, a non-profit Delaware corporation with its principal place of business at 7920 Norfolk Avenue, Suite 600, Bethesda, Maryland.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, in that an actual case or controversy exists between the parties, and Plaintiff is an interested party seeking such declaration.

4.      This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, in that this matter arises under the Constitution, laws, or treaties of the United States.

5.      This Court possess personal jurisdiction over Defendant because Defendant's principal place of business is in Montgomery County, Maryland.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Maryland, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Maryland.

## FACTS

7.      Mr. Putsche/JPP offer photography, videography and video editing services for weddings, special events, portraits and the like.

8.      ACA is a national advocacy organization with its headquarters in Bethesda, Maryland.  It is dedicated to the protection and humane treatment of cats, with particular focus on humane methods of feral cat care.

9.      In October of 2008, ACA contracted Mr. Putsche/JPP to take photographs of cats.

10.     ACA and Mr. Putsche agreed that, upon payment for the photographs, ACA would receive full, unlimited usage rights to the photographs, subject to the limitation that ACA give Mr. Putsche credit on the photographs used in printed materials.

11.     ACA agreed that Mr. Putsche would retain all copyright rights in the photos.

12.     Accordingly, ACA and Mr. Putsche agreed that ACA would receive a perpetual, non-exclusive license to reproduce the photographs and to prepare derivative works based upon photographs, so long as it gives credit to Mr. Putsche on all photographs, and all derivatives thereof, used in printed materials.

13.     In 2014, Mr. Putsche voluntarily took raw video footage (or what is sometimes referred to in the industry as "B-Roll") of cats that, as a value-added service to ACA and without further consideration, he licensed to ACA under the same terms that applied to Mr. Putsche's photographs (the "Cat B-Roll").

14.     Thus, Mr. Putsche, as author, owns all copyright rights in the Cat B-Roll, and ACA possesses a perpetual, non-exclusive license to reproduce the Cat B-Roll and to prepare derivative works based upon the footage, so long as it gives credit to Mr. Putsche on all still images created from the Cat B-Roll that ACA uses in printed materials.

15.     Mr. Putsche was never an employee of ACA.

16.     ACA and Mr. Putsche are not parties to any written, executed conveyance, note, memorandum, or other writing in which Mr. Putsche or any duly authorized agent of his transferred

or assigned any of Mr. Putsche's rights to any copyrighted works that he authored, including photographs and the Cat B-Roll that ACA contracted him to take.

17.     The ACA employee who contracted Mr. Putsche on behalf of the company in 2008 was Elizabeth Parowski, ACA's Communications Manager at the time.

18.     As ACA's Communications Manager, Ms. Parowski was responsible for developing and executing national and regional advocacy campaigns via the media, website, and advertising, but it was not within the scope of her employment or part of her job responsibilities to take photographs, and photography was not the kind of work that ACA engaged Ms. Parowski to perform.

19.     Nevertheless, and from time to time and of her own accord, Ms. Parowski used her personal camera to take photographs of cats, ACA staff members, and various ACA events.

20.     Ms. Parowski permitted ACA to use these photographs, which ACA did on occasion, always giving Ms. Parowski credit for them in printed publications.

21.     In or about April 4, 2009, Ms. Parowski began providing some photography services to Mr. Putsche/JPP.

22.     In April of 2011, Ms. Parowski voluntarily resigned from ACA.

23.     On September 8, 2012, Mr. Putsche and Ms. Parowski married and Ms. Parowski changed her last name to Putsche.

24.     In April of 2012, ACA contracted Mrs. Putsche to assist with certain tasks in its Communications Department, including the incorporation of Mr. Putsche's photographs in ACA's calendar that it publicly distributes.

25.     On November 7, 2013, Mrs. Putsche and ACA executed an Engagement Agreement that lists the "scope of work" for which Mrs. Putsche was being retained, as "Communications[,]

Media [, and] Additional assignments as assigned by The President and/or Director of Operations."

26.     The Engagement Agreement contracted Mrs. Putsche for the period beginning November 12, 2013 and ending February 8, 2014.

27.     The Engagement Agreement does not contain any language or clause that conveys or transfers any rights that Mrs. Putsche possesses to any copyrightable works that she authors, including photographs.

28.     ACA and Mrs. Putsche are not parties to any conveyance, note, memorandum, or any other writing in which Mrs. Putsche or any duly authorized agent of hers transferred or assigned any of Mrs. Putsche's rights to any copyrighted works that she authored, including photographs.

29.     During the period of time during which she was contracted by ACA, Mrs. Putsche occasionally took photographs of cats, which she permitted ACA to use, and which ACA occasionally did use, giving Mrs. Putsche credit for them in printed publications.

30.     Although ACA and Mrs. Putsche never executed any document evidencing an extension of the term of her Engagement Agreement, Mrs. Putsche continued to perform services for ACA after February, 8, 2014, until October 16, 2014, when she terminated her contractual arrangement with ACA.

31.     Following Mrs. Putsche's termination of her contract, ACA stopped contacting Mr. Putsche and has not since requested his services.

32.     During all times prior to October 2014, ACA abided by its obligation to give Mr. Putsche photo credit in printed materials.

33.     In or about November of 2014, however, ACA stopped giving photo credit to Mr. Putsche.

34.     ACA's failure to give photo credit to Mr. Putsche breaches its license agreement with him.

35.     On or about February 18, 2015, Mrs. Putsche transferred and assigned to Mr. Putsche all of her rights (including all copyright rights) to, "all photos of cats et al., taken between November 2008 and October 2014" that were identified on an application for copyright registration that Mr. Putsche was preparing to file with the United States Copyright Office (the "Assignment").

36.     Mrs. Putsche's Assignment was created with the intent to, and for the purpose of, assigning to Mr. Putsche all rights to those photographs that Mr. Putsche desired to register for copyright protection.

37.     On February 18, 2015 Mr. Putsche applied for copyright registration with the United States Copyright Office (the "Copyright Office") with respect to hundreds of photographs titled, "Community Cat Photographs by Jason Putsche Photography," which the Copyright Office registered effective February 18, 2015.  The Certificate of Registration, Registration No. VAu 1-196-533, is attached to this Complaint at **Exhibit 1** (the "2015 Photograph Registration").

38.     On May 14, 2016, Mr. Putsche applied for copyright registration with the Copyright Office with respect photographs titled, "Jason Putsche Photography – Client Alley Cat Allies," which the Copyright Office registered effective May 14, 2016.  The Certificate of Registration, Registration No. VAu 1-244-947, is attached to this Complaint at **Exhibit 2** (the "2016 Photograph Registration").  Hereinafter, the photographs identified on the 2015 Photograph Registration and the 2016 Photograph Registration are referred to collectively as the "JPP Photographs."

39.     On May 11, 2016, Mr. Putsche applied for copyright registration with the Copyright Office for "Cat Footage" – which is the Cat B-Roll, which the Copyright Office registered effective May 11, 2016.  The Certificate of Registration, Registration No. PAu 3-805-317, is attached to

this Complaint at **Exhibit 3**.

40.     At some point after the Copyright Office granted the 2015 Photograph Registration, ACA applied to obtain a copyright registration with respect to photographs taken by Mr. Putsche. The Copyright Office granted ACA's registration effective May 12, 2016.  The ACA Certificate of Registration, Registration No. VAu 1-243-922, is attached to this Complaint at **Exhibit 4** (the "ACA Registration").

41.     On information and belief, the ACA Registration covers some or all of the JPP Photographs.

42.     On or about May 31, 2016, ACA sued Mrs. Putsche, Mr. Putsche, JPP and a non-profit that Mrs. Putsche had incorporated, Photographers For Animals, Inc., in the United States District Court for the District of New Jersey, alleging that ACA is "the owner of the exclusive rights to use, reproduce, distribute, and to authorize any other person to use, reproduce or distribute all photographs and other materials taken by the … Defendants."  (the "ACA Federal Lawsuit").

43.     The ACA Federal Lawsuit asserted a claim for copyright infringement against all defendants, alleging that the defendants had, without ACA's authorization, "duplicated, published, offered for sale, sold, and otherwise infringed the photographs" and alleged that the JPP Registration is, "a fallacious claim of copyright in the cat photographs and other photographs in which [ACA] owns all right and title[.]"

44.     The ACA Federal Lawsuit also alleged that, "Elizabeth Putsche, Jason Putsche, and/or Putsche Photography entered into a contract to provide photography, videography and related services to Alley Cat Allies in exchange for payment of money upon agreed terms and full rights in photographs of cat and other related materials, the consideration for which was valid and lawful."

45.     In short, the ACA Federal Lawsuit alleged that ACA is the rightful copyright owner of all photographs that it contracted Mr. Putsche to take.

46.     Mr. Putsche disputes the allegations in the ACA Federal Lawsuit.

47.     On January 3, 2017, the ACA Federal Lawsuit was dismissed without prejudice for lack of prosecution.

48.     Upon information and belief, ACA still contends that it, not Mr. Putsche, is the sole and exclusive owner of all copyright rights to the JPP Photographs.

49.     Upon information and belief, ACA contends that it and Mr. Putsche are joint owners of all copyright rights to the Cat B-Roll.

50.     ACA disputes that its only right to the JPP Photographs and to the Cat B-Roll consists of a perpetual, non-exclusive, royalty-free license to reproduce the JPP Photographs and Cat B-Roll and to prepare derivative works based upon the JPP Photographs and Cat B-Roll, subject to the limitation that ACA give Mr. Putsche credit on all JPP Photographs and on all still images created from the Cat B-Roll, and all derivatives thereof, that it uses in printed materials.

<u>COUNT I</u>
**REQUEST FOR DECLARATION OF COPYRIGHT OWNERSHIP**

51.     Mr. Putsche incorporates by reference the allegations in Paragraphs 1 through 50 of this Complaint as if stated fully herein.

52.     An actual controversy exists between Mr. Putsche and ACA concerning copyright ownership over the JPP Photographs and the Cat B-Roll, and the legal nature of ACA's rights to those photographs and videos.

53.     The JPP Photographs and Cat B-Roll are original works of authorship fixed in tangible mediums of expression.

54.     Mr. Putsche is sole copyright owner of all copyright rights to the JPP Photographs

and Cat B-Roll.

55.     ACA possesses a perpetual, non-exclusive, royalty-free license to reproduce the JPP Photographs and the Cat B-Roll, and to prepare derivative works based upon JPP Photographs and Cat B-Roll, subject to the limitation that ACA must give Mr. Putsche photo credit on all JPP Photographs and on all still images created from the Cat B-Roll, and all derivatives thereof, used in any printed materials.

56.     ACA, on information and belief, contends that it is the sole copyright owner of the JPP Photographs and Cat B-Roll, and that Mr. Putsche has no right, license or entitlement to the photographs.

57.     Accordingly, Mr. Putsche respectfully requests that the Court, pursuant to 28 U.S.C. § 2201, enter a judgment that declares the following:

A.     That Mr. Putsche is the sole owner of all copyright rights to the JPP Photographs and to the Cat B-Roll – as such rights are set forth in 17 U.S.C. § 106;

B.     That ACA possesses a perpetual, non-exclusive, royalty-free license to reproduce the JPP Photographs and Cat B-Roll (17 U.S.C. § 106(1)) and to prepare derivative works based upon JPP Photographs and Cat B-Roll (17 U.S.C. § 106(2)), subject to the limitation that ACA must give Mr. Putsche photo credit on all JPP Photographs and on all still images created from the Cat B-Roll, and all derivatives thereof, used in any printed materials;

C.     That ACA does not own, either solely or jointly, any copyright rights to the JPP Photographs or Cat B-Roll;

D.     That ACA's license does not include any of applicable copyright rights set forth in 17 U.S.C. § 106(3) through (6); and

E.      Such other declaratory relief that the Court deems necessary or just.


Respectfully submitted,

_____/s/_____
Joshua A. Glikin (#26852)
glikin@bowie-jensen.com
BOWIE & JENSEN, LLC
29 W. Susquehanna Avenue, Suite 600
Towson, Maryland  21204
(410) 583-2400
Fax: (410) 583-2437

*Counsel for Plaintiff, Jason Putsche*